**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SEBASTIAN HAUS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 17 C 4972** |
| ) | |
| **KIRSTJEN NIELSEN,**[1] **Secretary, U.S.** ) | |
| **Department of Homeland Security, and** ) | |
| **L. FRANCIS CISSNA, Director, U.S.** ) | |
| **Citizenship and Immigration Services,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Sebastian Haus, a native and citizen of Poland, filed this suit against the

Secretary of Homeland Security and the Director of U.S. Citizenship and Immigration

Services (USCIS) to compel action on his petitions for U nonimmigrant status for himself

and his wife, which have been pending since November 20, 2014. Haus seeks a writ of

mandamus under 28 U.S.C. § 1361, as well as relief under the Administrative

Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), alleging that the delay in adjudicating the

petitions is unreasonable. Defendants have filed a motion to dismiss Haus's complaint

for failure to state a claim. For the reasons stated below, the Court grants defendants'

motion in part and denies it in part.

**Background**

---

[1] Secretary Nielsen is substituted as Secretary of Homeland Security, and L. Francis
Cissna is substituted as Director of U.S. Citizenship and Immigration Services pursuant
to Rule 25(d). Fed. R. Civ. P. 25(d).

In October 2000, Congress created a new nonimmigrant visa—the U visa—for immigrant victims of serious crimes who assist law enforcement in the subsequent investigation or prosecution of those crimes. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464 (codified at 8 U.S.C. § 1101(a)(15)(U)). The U visa program is designed to encourage cooperation with law enforcement agencies and enhance their ability to detect, investigate, and prosecute crimes, while offering protection to the victims of those crimes "in keeping with the humanitarian interests of the United States." *Id.* § 1513(a)(2). To qualify for a U visa, a petitioner must have "suffered substantial physical or mental abuse as a result of having been a victim" of certain enumerated types of criminal activity, possess information concerning the criminal activity, and be helpful to law enforcement or other government officials in investigating or prosecuting it. 8 U.S.C. §§ 1101(a)(15)(U)(i)(I)-(III). Additionally, the criminal activity at issue must have occurred in the United States or violated U.S. law. *Id.* § 1101(a)(15)(U)(i)(IV). Persons who qualify for a U visa may also submit derivative petitions on behalf of qualifying family members. *Id.* § 1101(a)(15)(U)(ii). Principal and derivative U visa holders receive temporary legal status and work authorization, and they may become eligible to adjust to permanent resident status after three years. *See id.* §§ 1101(a)(15)(U), 1184(p)(6), § 1255(m).

Congress has prohibited USCIS from issuing U visas to more than 10,000 principal petitioners per fiscal year. *Id.* § 1184(p)(2). Once the limit is reached for the year, USCIS places the remaining eligible U visa petitioners on a waiting list. *See* 8 C.F.R. § 214.14(d)(2). The agency determines waiting list priority "by the date the petition was filed[,] with the oldest petitions receiving the highest priority." *Id.* Those

who have highest priority on the waiting list will be the first to receive their visas in the following fiscal year, provided that they remain admissible and eligible for U nonimmigrant status. *Id.* Once USCIS finds a petitioner eligible for a U visa and places him or her on the waiting list, the petitioner and any qualifying family members become eligible for deferred action or parole and work authorization while they wait for a U visa to become available. *Id.*; *Taylor v. McCament*, 875 F.3d 849, 852 (7th Cir. 2017).

The number of U visa petitions filed per year has increased dramatically over the last eight years, from 6,835 principal petitions in 2009 to 36,531 in 2017; not surprisingly, the 10,000 annual cap has been reached each year since 2010.[2] As the waiting list for U visas continue to grow, so does the backlog of petitions that, like Haus's, have not even been evaluated for possible placement on the waiting list.

In June or July of 2010, Haus was the victim of a felonious assault in Chicago, Illinois. Haus testified during his assailant's criminal trial. The assailant was convicted and sentenced to eight years in prison. On November 20, 2014, Haus submitted a petition for U nonimmigrant status for himself and another petition for his wife, as a qualifying family member. For the past three years, he has been waiting for USCIS to review the petitions and place him and his wife on the U visa waiting list so that they may apply for work authorization. Haus has inquired into the status of his petitions on

---

[2] *See* U.S. Dep't of Homeland Sec., U.S. Citizenship & Immigr. Servs., *Number of Form I-918, Petition for U Nonimmigrant Status, by Fiscal Year, Quarter, and Case Status 2009-2017* (Sept. 2017), https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/Victims/I918u_visastatistics_fy2017_qtr4.pdf. The Court takes judicial notice of these statistics, which are publicly available on the Department of Homeland Security's official website. *See, e.g.*, *Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002).

numerous occasions, but all USCIS will tell him is that they are still being processed or that they are under further review.  USCIS has not asked Haus to provide any additional documentation or information to assist the agency in adjudicating his petitions.

Haus filed the present petition for writ of mandamus and request for relief under the Administrative Procedure Act (APA) in July 2017.  At the time of filing, his U visa petitions had been pending for over two and a half years.  He has now been waiting to be placed on the U visa waiting list for over three years.  He alleges that this three-year delay—just to be placed on the waiting list—is unreasonable, and he asks the Court to compel defendants to act on his petitions.

Defendants have moved to dismiss Haus's complaint for failure to state a claim under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  Specifically, defendants contend that USCIS has no duty to adjudicate Haus's petitions before those petitions filed earlier in time.  They further argue that Haus has failed to establish that the time it has taken USCIS to evaluate his petitions for possible placement on the waiting list is unreasonable.

## Discussion

In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Musunuru v. Lynch*, 831 F.3d 880, 887 (7th Cir. 2016).  To survive a motion to dismiss for failure to state a claim, a complaint must contain "allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level."  *Hill v. Serv. Emps. Int'l Union*, 850 F.3d 861, 863 (7th Cir.) (citation omitted).

**A.      Mandamus relief**

A district court may issue a writ of mandamus to compel an officer or agency of the federal government to perform a duty owed to the petitioner.  28 U.S.C. § 1361. Mandamus relief is warranted if the petitioner can demonstrate that the following three conditions are met:  (1) he has a clear right to the relief sought, (2) the defendant has a duty to perform the act in question, and (3) no other adequate remedy is available.  *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

There is no dispute that Haus has a clear right to adjudication of his petition for U nonimmigrant status—first, to determine if he is eligible for the waiting list, and second, to determine if he remains eligible for a U visa when one finally becomes available. Defendants argue, however, that Haus cannot show that the delay he has experienced is unreasonable under the circumstances and that he has no right to *immediate* adjudication of his petition.

The Seventh Circuit recently decided a similar case in which a U visa applicant sought a writ of mandamus and relief under the APA based on USCIS's delay in evaluating his petition for placement on the U visa waiting list.  *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017).  At the time the plaintiff filed suit in the district court, he had been waiting over eighteen months for USCIS to act on his petition.  *Id.* at 275.  As a preliminary matter, the Seventh Circuit determined that the plaintiff not only had a right to have his U visa petition evaluated for placement on the waiting list, but also a right to have that adjudication take place within a reasonable period of time.  *Id.*  In view of the significant backlog of U visa petitions, however, the court explained that it was necessary to determine whether the plaintiff had a right "to

skip ahead" of other petitioners who filed a U visa application before him. *Id.* The court noted that the plaintiff set forth no facts that differentiated him from other U visa petitioners who had been waiting even longer than he to be placed on the waiting list. *Id.* Because there was nothing in the record that suggested that the plaintiff's wait time had been "any more unreasonable than other petitioners waiting in the same line," the Court of Appeals concluded that he had no right to immediate adjudication of his petition and thus there was no reason to grant mandamus relief. *Id.* at 276.

It is unquestionably a hardship for a U visa applicant—especially one who was the victim of a violent crime—to have to wait years simply for the opportunity be placed on a waiting list for a visa. For such a person, it is cold comfort to know that there are others who have been waiting even longer than he or she has. The Seventh Circuit has made it clear, however, that this is a significant consideration in determining whether a writ of mandamus is warranted in a given case. *Id.* at 275. USCIS is currently processing U visa petitions from August 2014.[3] Haus filed his petition for mandamus in November 2014. Like the plaintiff in *Calderon-Ramirez*, he has not set forth any facts that would distinguish him from other U visa applicants who filed before him but also are still waiting for their petitions to be processed. Consequently, in light of *Calderon-Ramirez,* this Court is compelled to conclude that Haus has failed to allege facts sufficient to establish that he possesses a right to "skip ahead of other petitioners" and

---

[3] The Court also takes judicial notice of USCIS's U visa processing date as of February 22, 2018. This information is publicly available at U.S. Citizenship & Immigr. Servs., *USCIS Processing Time Information*, https://egov.uscis.gov/cris/processTimesDisplayInit.do (last visited Feb. 22, 2018). To access the current U visa processing dates, one selects the "Vermont Service Center" in the Service Center drop down menu.

thus that a writ of mandamus is unwarranted.

**B.    APA relief**

The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Moreover, section 706 of the APA expressly states that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  *Id.* § 706(1).  No statute or regulation provides a specific timeframe within which USCIS is required to process U visa petitions for placement on the waiting list.  *Calderon-Ramirez*, 877 F.3d at 276.  What constitutes an unreasonable delay in the immigration context "depends to a great extent on the facts of the particular case."  *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999); *see also Gelfer v. Chertoff*, No. C06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (finding it "premature" at the motion to dismiss stage "to consider the exact sources of the delay to determine whether the delay was actually unreasonable under the circumstances").

Defendants contend that "[d]elay, without more, is insufficient to state a claim [that] agency action is 'unlawfully withheld or unreasonably delayed' under section 706(1) of the APA."  Defs.' Mem. in Supp. of Mot. to Dismiss at 11.  Defendants cite a number of district court cases that have dismissed similar APA suits where the plaintiff did not allege or could not show that he was treated differently from other, similarly situated individuals who were also still waiting for their immigration-related petitions to be adjudicated.  *See, e.g.*, *Pesantez v. Johnson*, No. 15 CIV. 1155 (BMC), 2015 WL 5475655 (E.D.N.Y. Sept. 17, 2015) (granting defendants' motion for judgment on the pleadings in large part because the plaintiff did not allege that she had been treated

differently than similarly situated asylees in being made to wait nearly two years for her asylum claim to be adjudicated); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (granting summary judgment for defendants on the ground that the five-year delay in adjudication of the plaintiff's application for adjustment of status was not unreasonable "in light of the annual limit on the number of available adjustments and the volume of applications for adjustment in the system" and because the plaintiff did not provide "any compelling rationale for why he should not be made to wait his turn").

In *Calderon-Ramirez*, however, the Seventh Circuit's analysis of the reasonableness of the delay under the APA did not turn on whether the plaintiff could distinguish himself from the other petitioners awaiting adjudication. *Calderon-Ramirez*, 877 F.3d at 276. In determining whether the plaintiff's wait to have his U visa petition reviewed was unreasonable under the APA, the Seventh Circuit noted that USCIS was "dealing with an exponentially increasing number" of U visa petitions; the corresponding backlog of petitions awaiting USCIS processing had ballooned from 21,138 in 2009 to 177,340 by the third quarter of 2017.[4] *Id.* The Seventh Circuit also considered USCIS's recent effort to reduce the backlog by increasing the number of service centers reviewing U visa petitions from one to two. *Id.* The court ultimately denied relief under the APA, explaining that "[d]ue to the circumstances USCIS faces and the agency's recent changes to alleviate the backlog, we do not find [the plaintiff's] wait to be

_____

[4] These numbers include derivative petitions for qualifying family members. The number of pending petitions filed by principal petitioners for 2009 and 2017 were 11,863 and 103,045, respectively. *See* U.S. Dep't of Homeland Sec., U.S. Citizenship & Immigr. Servs., *Number of Form I-918, Petition for U Nonimmigrant Status, by Fiscal Year, Quarter, and Case Status 2009-2017* (June 2017), https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/ Immigration%20Forms%20Data/Victims/I918u_visastatistics_fy2017_qtr3.pdf.

unreasonable at this time." *Id.* The court did not, however, foreclose the possibility that such a delay might, at some point, become unreasonable. To the contrary, it expressly stated that it did not find the delay in question to be unreasonable "*at this time.*" *Id.* (emphasis added).

Haus waited for over two-and-a-half years for USCIS to review his petitions before filing the present lawsuit—more than a year longer than the plaintiff had been waiting in *Calderon-Ramirez.* He has now been waiting for over three years for review of his petitions. "The passage of time alone is rarely enough to justify a court's intervention in the administrative process." *Singh v. Ilchert*, 784 F. Supp. 759, 765 (N.D. Cal. 1992). That said, at this point the Court is dealing only with Haus's complaint; the government has not been called upon to offer any sort of explanation for the delay. Given these circumstances, the Court is not prepared to hold on a motion to dismiss for failure to state a claim that the three-year delay in reviewing Haus's U visa petitions for placement on the waiting list is reasonable as a matter of law. *Cf. Yu*, 36 F. Supp. 2d at 935; *see also Gelfer*, 2007 WL 902382, at *2. The Court therefore denies defendants' motion to dismiss Haus's claim for relief under the APA.

### Conclusion

For the foregoing reasons, the Court claim for a writ of mandamus but otherwise denies defendants' motion to dismiss for failure to state a claim [dkt. nos. 8, 14]. An answer to the APA claim is to be filed by March 16, 2018. The case is set for a status hearing on March 28, 2018 at 9:30 a.m. to set a schedule for further proceedings.

Date: February 23, 2018

_____
MATTHEW F. KENNELLY
United States District Judge